# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CARPENTERS LOCAL NO. 491 PENSION PLAN,** *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *     Case No.: DKC-21-1051 |
| **CHRISTOPHER L. MILLER,** *et al.*, | * |
| | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs Carpenters Local No. 491 Pension Plan, Carpenters Local No. 491 Health and Welfare Plan, Carpenters Local No. 491 Annuity Plan, Carpenters Local No. 491 Training Fund, Carpenters International Training Fund, and the Trade Show Industry Fund ("the Plans"), as well as the Dues Fund, filed a Complaint for Judgment by Confession against Christopher L. Miller and Stephanie Ann Miller ("the Guarantors") on April 30, 2021. ECF 1. In accordance with 28 U.S.C § 636 and Local Rule 301.6(ak), the Honorable Deborah K. Chasanow referred this case to me. ECF 11. Plaintiffs amended the complaint on May 3, 2021. ECF 12. I held an on-the-record call with plaintiffs' counsel on July 13, 2012. Having heard from counsel and after reviewing the amended complaint and accompanying exhibits and affidavits, I direct the Clerk of the Court to enter judgment by confession in favor of the Plans and against the Guarantors for the reasons stated below.

### Judgment by Confession

Maryland law provides for a confessed judgment as a "device designed to facilitate collection of a debt." *United Cmty. Bank, Inc. v. IAAAA, Inc.*, No. GJH-20-594, 2021 WL

2685362, at *2 (D. Md. June 29, 2021) (quoting *Schlossberg v. Citizens Bank*, 672 A.2d 625, 627 (Md. 1996)). In state court, Maryland Rule 2-611 governs, and its provisions "are analogous to this Court's procedures with respect to confessed judgments." *Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 552–53 & 553 n.37 (D. Md. 2012).

A plaintiff may file a complaint in this Court seeking entry of judgment by confession. Loc. R. 108.1(a) (D. Md. 2018). The plaintiff also must file "the written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages." *Id.* Additionally, the plaintiff must file an affidavit in support,

> made by the plaintiff or someone on that party's behalf stating the specific circumstances of the defendant's execution of said instrument and including, where known, the age and education of the defendant, and further including the amount due thereunder, and the post office address (including street address if needed to effect mail delivery) of the defendant.

*Id.* After reviewing these documents,

> the Court may direct the entry of judgment upon a finding that the aforesaid documents prima facie establish (1) a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages and (2) a meritorious claim of the plaintiff for liquidated damages against the defendant.

Loc. R. 108.1(b).

**Discussion**

Plaintiffs filed their amended complaint along with a November 1, 2019 Settlement and Conditional Release, ECF 12-1; an affidavit from the designated account executive for the Plans, David Jensen, ECF 12-2; and an affidavit from Anna S. Kelly, Esq., ECF 12-3. Buildtask, LLC, d/b/a Positive-ID (the "Employer"), a company owned by Mr. Miller and Jeffrey Haefner, entered into the Settlement and Conditional Release to settle the Plans' claims against it for delinquent contributions and interest. The Employer agreed to pay the Plans $133,481.07, plus 5% interest compounded annually. Sett. & Release ¶ D, at 4. Mr. Miller, Ms. Miller, Mr. Haefner, and Heather

2

Hennessey signed the Settlement and Conditional Release and personally guaranteed payments to the Plans in the amount of $113,481.07 for any unpaid contributions as well as any unpaid accrued interest, reasonable attorneys' fees, and costs. *Id.* ¶ D(3), (8), at 4–6. The Settlement and Conditional Release provides:

> If the Employer shall fail to make a required payment when due under this Agreement, the Guarantors hereby guarantee to the Plans that the Guarantors shall then pay (without first requiring the Plans to proceed against the Employer, or any other security) to the Plans the entire unpaid balance under this Agreement, together with accrued and unpaid interest thereon.

*Id.* ¶ D(3), at 5.

The Settlement and Conditional Release provides for a confessed judgment:

> If the Guarantors fail to repay any amount under this guaranty when due, whether by acceleration, declaration, extension, or otherwise, and such failure shall continue for more than thirty (30) days after Guarantors' receipt of written notice thereof from the Plans, the Guarantors hereby authorize any clerk of any court of competent jurisdiction in the State of Maryland, or any other State or territory of the United States, to enter judgment by confession against the Guarantors in favor of the Plans for the unpaid amount in this Agreement, together with reasonable attorney's fees and court costs, without stay of execution or right of appeal or set off, expressly waiving the benefit of all exemption laws and all irregularity or error entering judgment or the execution thereof. . . .

*Id.* ¶ D ¶ 8, at 6.

In his April 26, 2021 affidavit, Mr. Jensen noted that the Employer has paid only $42,011.75 of the $133,481.07 owed under the Agreement and has failed to make any other payments to the Plans. Jensen Aff. ¶ 10. The balance due, and guaranteed by defendants, is $91,469.32. *Id.* ¶ 11. The interest due is $4,192.34 and attorneys' fees are $4,087.50, bringing the total to $99,749.16. *Id.* ¶ 16. Christopher L. Miller and Stephanie Ann Miller received written notice of BuildTask, LLC's failure to pay on February 22, 2021 and March 30, 2021 respectively. *Id.* ¶¶ 12–13. Mr. Miller is 39 years old; Ms. Miller's age is unknown, as are defendants'

3

educations. *Id.* ¶¶ 18–19.  Their registered address is 335 Highland Avenue, Westville, NJ 08096. *Id.*

On July 13, 2021, I held a call on the record.  Ms. Kelly informed me that plaintiffs elected not to pursue the confessed judgment against Mr. Haefner and Ms. Hennessey.  She also acknowledged that the Dues Fund, one of the plaintiffs, was not a party to the Settlement and Conditional Release and therefore could not obtain a confessed judgment.  Keystone Mountain Lakes Regional Council of Carpenters was a party to the Settlement and Conditional Release but is not participating in this action.  *Compare* Am. Compl. *with* Sett. & Release.

Having heard from counsel and reviewed the amended complaint, Settlement and Conditional Release, and Mr. Jensen's Affidavit, and Ms. Kelly's Affidavit, I find that the Settlement and Conditional Release constitutes a "written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages." *See* Loc. R. 108.1(a). Mr. Jensen incorporates the assertions in the complaint into his affidavit, and he provides a breakdown of the amount sought in the confessed judgment.  Jensen Aff. ¶¶ 8, 10–11, & 16.  The Plans complied with the requirements of Local Rule 108.1, and the documents attached to the amended complaint "prima facie establish . . . a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff[s] for liquidated damages." *See* Loc. R. 108.1(b).

Additionally, through its submissions, the Plans have established a "meritorious claim . . . for liquidated damages against" defendants.  *See id.*  As detailed above, Mr. Jensen's affidavit provides that the Guarantors are obligated to pay $91,469.32 in principal; $4,192.34 in interest accrued through April 30, 2021; and $4,087.50 in attorneys' fees, for a total of $99,749.16.

4

Moreover, the attorneys' fees are reasonable. When the Court calculates an award of attorneys' fees, it must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *See Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012). To determine the reasonableness of fees, the Court considers

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).

Attorneys Anna S. Kelly and Raymond L. Marshall worked on this case. Kelly Aff. ¶ 5. Ms. Kelly, who has been admitted to the Maryland bar since 2005, billed at an hourly rate of $225.00 for 17.8 hours, for a total of $4,005.00, and Mr. Marshall, who has been admitted to the Maryland bar since 1997, billed at an hourly rate of $275.00 for 0.3 hours, for a total of $82.50. *Id.* ¶¶ 6 & 8 & Ex. A. The total amount of attorneys' fees is $4,087.50. *Id.* ¶ 10. These rates are consistent with this Court's guidelines. *See* Loc. R. App'x B, ¶ 3(d)–(e) (D. Md.). Moreover, the time they expended is reasonable. The Court finds the attorneys' fees reasonable.

In sum, the Plans' amended complaint and exhibits establish prima facie that defendants voluntarily, knowingly, and intelligently waived the right to notice and a prejudgment hearing on the merits of the Plans claim for unpaid contributions, and the Plans have presented a meritorious claim for liquidated damages in the amount of $91,469.32. Therefore, the Clerk shall enter the confessed judgment in favor of the Plans and against defendants in the amount of $99,749.16, which includes $91,469.32 in outstanding principal; $4,192.34 in interest accrued through April 30, 2021; and $4,087.50 in attorneys' fees.

The Clerk shall ensure that notice of this Memorandum Opinion and the accompanying Judgment are provided to defendants at the address listed below.

    Christopher L. Miller and Stephanie Ann Miller
    335 Highland Avenue
    Westville, NJ 08096

    A separate judgment will issue.

Date: <u>July 13, 2021</u>                                                                 /S/
                                                                         Deborah L. Boardman
                                                                        United States District Judge